UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLEVELAND FERGUSON (#193321)                  CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                   NO. 08-0537-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___12th___ day of August, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLEVELAND FERGUSON (#193321)**  CIVIL ACTION

**VERSUS**

**N. BURL CAIN, WARDEN, ET AL.**  NO. 08-0537-FJP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 10. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain and Legal Programs Director Trish Foster, alleging that the defendants have violated his constitutional rights by maintaining him in segregated confinement for an unreasonable period of time without meaningful review of his custody status, all in retaliation for his past disciplinary violations.

The defendants now move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, Department Regulation No. B-05-005 (relative to the prison Administrative Remedy Procedure), and the affidavits of Rhonda Z. Weldon, Tara Bonnette, and defendants N. Burl Cain and Trish Foster.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint and in his sworn statement provided in opposition to the defendants'

motion for summary judgment, the plaintiff alleges that he was placed in segregated confinement at Camp J of LSP in August, 2002, in connection with a rule violation (possession of contraband in the form of a prison-made icepick). After serving his 6-month allotted time in Camp J, a punitive classification level, he was reclassified to Camp C at LSP, another extended lockdown housing location. He asserts that he has thereafter been maintained in segregated confinement notwithstanding that his disciplinary record has been relatively free of rule violations, with only a disciplinary charge for fighting in October, 2003, for which he was sentenced to fifteen (15) days of cell-confinement, and a second disciplinary charge for contraband (a prison-made weapon) in August, 2007, for which he was again sentenced to punitive segregated confinement at Camp J, and after which he was informed he would be returned to another extended lockdown location. The plaintiff complains that periodic 90-day reviews of his custody status have not been undertaken in good faith and that he has been discriminated against based upon the referenced disciplinary charges. He further asserts that he has been informed by the periodic review board members that only Warden Darrel Vannoy (not named as a defendant herein) is authorized to release him from segregated confinement, yet Warden Vannoy has not personally participated in the periodic review boards. Finally, he asserts that his administrative grievance, wherein he has complained of the failure to provide him with meaningful periodic review, has been wrongly rejected without consideration by defendant Trish Foster.

Initially, the defendants assert that the plaintiff has failed to exhaust administrative remedies relative to his claims as mandated by 42 U.S.C. § 1997e. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions.

From a review of the pertinent exhibits, it appears that the plaintiff filed an administrative grievance relative to the claim asserted in this proceeding, but this grievance was rejected for the

reason that it related to "disciplinary matters" which, in accordance with the prison rulebook, are not reviewable through the administrative process. The Court notes, in addition, that the prison rulebook also provides that the decisions of periodic review boards are not subject to review through the administrative process. The defendants assert, based upon the rejection of the plaintiff's administrative grievance, that the plaintiff has never successfully exhausted administrative remedies relative to his claim and that the claim, therefore, is subject to dismissal for this reason.

In the Court's view, the defendants' assertion in this regard is without merit. The federal statute which mandates exhaustion of administrative remedies specifically states that "[n]o action shall be brought ... until such administrative remedies <u>as are available</u> are exhausted". It is apparent from the explicit language of the statute, therefore, that an administrative remedy must be "available" in order for an inmate to be required to avail himself of it. See, e.g., <u>Westefer v. Snyder</u>, 422 F.3d 570 (7th Cir. 2005)(finding that inmate was not required to exhaust administrative remedies which were not available to him). In the instant case, the defendants apparently concede that no administrative review was available to the plaintiff relative to the instant claim of a denial of consideration for release by the periodic lockdown review boards. The Court finds, therefore, that the plaintiff's claim is not subject to dismissal for failure to exhaust administrative remedies inasmuch as such remedies were not available to him.

Turning to a substantive review of the plaintiff's claims, the defendants assert that they are entitled to qualified immunity. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. <u>Hale v. Townley</u>, 45 F.3d 914 (5th Cir. 1995). As enunciated in <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged

in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[1]

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

Although the plaintiff has named Burl Cain and Trish Foster as defendants herein, he has failed to allege any direct personal participation by defendants Cain and Foster in the violations alleged. Specifically, the plaintiff has failed to allege that either defendant participated in sentencing the plaintiff to punitive segregated confinement in 2002 or 2007, participated in re-classifying him to other segregated housing locations after he served his respective sentences at Camp J on those disciplinary charges, or participated in periodic 90-day review boards which evaluated the propriety of releasing the plaintiff to the general population or to a more lenient classification level thereafter. All that the plaintiff alleges is that the defendants are "employed at Louisiana State Penitentiary (Angola) as Warden and Warden's Signature or Designee", that defendant Cain became aware of the plaintiff's claim through receipt of the plaintiff's administrative grievance, that defendant Foster wrongly rejected the plaintiff's administrative grievance for

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

"disciplinary reasons", and that neither defendant took remedial action to address his complaints in response to his grievance.

Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). In the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra. Any allegation that the defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Applying the foregoing standard, the Court finds that the plaintiff has failed to state a cause of action against the named defendants. Although he complains of the defendants' rejection of his administrative grievance and failure to take remedial action in response thereto, the law is clear that an inmate is not constitutionally entitled to an investigation or to a favorable response to his administrative claims. Further, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claims against the defendants of an alleged

failure to properly investigate, respond or take action in response to his administrative grievance is without legal foundation and must be dismissed.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 10, be granted, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

Baton Rouge, Louisiana, this 12th day of August, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE